1

2

3

4

5

6

7

8                            IN THE UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10     BLUE MOUNTAIN HOMES, LCC,

11                    Plaintiff,                    No. 2:13-cv-0913 TLN KJN PS

12          vs.

13     GARY SHORT & LISA SHORT,
                                                   ORDER AND
14                    Defendants.                  FINDINGS AND RECOMMENDATIONS

15     _____/

16               This is an unlawful detainer action that was removed to this court's Fresno

17     division by defendant Gary Short, proceeding without counsel, from the Solano County Superior

18     Court on May 6, 2013.  (Dkt. No. 2.)[1]  Defendant Gary Short also filed a request to proceed in

19     forma pauperis.  (Dkt. No. 3.)  On May 9, 2013, the action was transferred to the Sacramento

20     division of this court.  (Dkt. No. 7.)[2]

21     _____

22          [1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28
       U.S.C. § 636(b)(1).

23          [2] Although both Gary Short and Lisa Short are named defendants, only defendant Gary
       Short filed the notice of removal.  For proper removal in a case involving multiple defendants, all
24     defendants must consent to the removal.  28 U.S.C. § 1446(b)(2)(A); Proctor v. Vishay
       Intertechnology Inc., 584 F.3d 1208, 1224-25 (9th Cir. 2009).  Although individual consent
25     documents from each defendant is not required, the removing defendant must at least aver that all
       defendants consent to removal.  Id. at 1225.  No such averment was made in the notice of
26     removal here.  Nevertheless, because the court finds, for the reasons outlined below, that it lacks

                                                   1

1    Defendant Gary Short's application in support of his request to proceed in forma

2 pauperis makes the showing required by 28 U.S.C. § 1915(a)(1).  Accordingly, the undersigned

3 grants defendant Gary Short's request to proceed in forma pauperis.

4    The determination that a party may proceed in forma pauperis does not complete

5 the required inquiry.  A federal court has an independent duty to assess whether federal subject

6 matter jurisdiction exists, whether or not the parties raise the issue.  See United Investors Life

7 Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district

8 court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*,

9 whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339,

10 342 (9th Cir. 1996).  Because subject matter jurisdiction may not be waived by the parties, a

11 district court must remand a case if it lacks jurisdiction over the matter.  Kelton Arms

12 Condominium Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003)

13 (citing Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir.

14 1998)); see also 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the

15 district court lacks subject matter jurisdiction, the case shall be remanded").  For the reasons

16 outlined below, the court finds that it lacks subject matter jurisdiction over the action and

17 recommends that the action be remanded to state court.

18    In relevant part, the federal removal statute provides:

19    (a) Except as otherwise expressly provided by Act of Congress, any
   civil action brought in a State court of which the district courts of
20    the United States have original jurisdiction, may be removed by the
   defendant or the defendants, to the district court of the United
21    States for the district and division embracing the place where such
   action is pending.
22

23 28 U.S.C. § 1441(a).  "The defendant bears the burden of establishing that removal is proper."

24 Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009).

25

26 subject matter jurisdiction over the action in any event, any issue as to procedural removal
   defects is moot.

1   "The removal statute is strictly construed against removal jurisdiction," <u>id.</u>, and removal

2   jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance,"

3   <u>Geographic Expeditions, Inc. v. Estate of Lhotka</u>, 599 F.3d 1102, 1107 (9th Cir. 2010) (citation

4   and quotation marks omitted).

5          A federal district court generally has original jurisdiction over a civil action when:

6   (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of

7   the United States" or (2) there is complete diversity of citizenship and the amount in controversy

8   exceeds $75,000.  <u>See</u> 28 U.S.C. §§ 1331, 1332(a).

9          In regards to federal question jurisdiction, federal courts have "jurisdiction to

10   hear, originally or by removal from a state court, only those cases in which a well-pleaded

11   complaint establishes either that federal law creates the cause of action, or that the plaintiff's

12   right to relief necessarily depends on resolution of a substantial question of federal law."

13   <u>Franchise Tax Bd. v. Constr. Laborers Vacation Trust</u>, 463 U.S. 1, 27-28 (1983); <u>see also</u>

14   <u>Republican Party of Guam v. Gutierrez</u>, 277 F.3d 1086, 1088-89 (9th Cir. 2002).  "[T]he

15   presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint

16   rule,' which provides that federal jurisdiction exists only when a federal question is presented on

17   the face of the plaintiff's properly pleaded complaint."  <u>Placer Dome, Inc.</u>, 582 F.3d at 1091

18   (citation and quotation marks omitted).  "In determining the existence of removal jurisdiction,

19   based upon a federal question, the court must look to the complaint *as of the time the removal*

20   *petition was filed*."  <u>Abada v. Charles Schwab & Co.</u>, 300 F.3d 1112, 1117 (9th Cir. 2002)

21   (citation and quotation marks omitted).  Mere reference to federal law is insufficient to permit

22   removal.  <u>See</u> <u>Smith v. Indus. Valley Title Ins. Co.</u>, 957 F.2d 90, 93 (3d Cir. 1992) ("[T]he mere

23   presence of a federal issue in a state cause of action does not automatically confer federal

24   question jurisdiction").  Also, defenses and counterclaims cannot provide a sufficient basis to

25   remove an action to federal court.  <u>See</u> <u>Vaden v. Discover Bank</u>, 556 U.S. 49, 60 (2009); <u>Berg v.</u>

26   <u>Leason</u>, 32 F.3d 422, 426 (9th Cir. 1994); <u>Takeda v. Northwestern Nat'l Life Ins. Co.</u>, 765 F.2d

1   815, 821-22 (9th Cir. 1985).

2          Here, removal cannot be based on federal question jurisdiction.  The state court

3   pleadings and papers accompanying the removal notice establish that the state court action is

4   nothing more than a simple unlawful detainer action, and is titled as such.  (See Dkt. No. 2 at 11-

5   13.)  Plaintiff, after apparently having acquired the subject real property in Dixon, California at a

6   foreclosure sale, is the owner of the property and is seeking to evict defendants, the former

7   owners, from the property.  (Dkt. No. 2 at 11-22.)  This court has no jurisdiction over unlawful

8   detainer actions, which are brought pursuant to state law and fall strictly within the province of

9   the state court.

10          Defendant Gary Short contends that federal question jurisdiction exists because

11   defendants' demurrer filed in state court depends on the determination of defendants' rights and

12   plaintiff's duties under federal law, in particular the Protecting Tenants at Foreclosure Act

13   ("PTFA").  See Pub. L. No. 111-22, § 702, 123 Stat. 1632 (2009).  The PTFA "provides certain

14   protections to tenants who reside in properties subject to foreclosure," including the requirement

15   that a 90-day notice to vacate be given to bona fide tenants.  SD Coastline LP v. Buck, 2010 WL

16   4809661, at **1-2 (S.D. Cal. Nov. 19, 2010) (unpublished).  A demurrer in state court is

17   essentially the equivalent of a motion to dismiss in federal court.  However, plaintiff's complaint

18   itself is strictly an action based on the California unlawful detainer statutes, and defendant Gary

19   Short's reference to the PTFA is best characterized as a potential defense or counterclaim, neither

20   of which is considered in evaluating whether a federal question appears on the face of a

21   plaintiff's complaint.[3]

22   ////

23

24          [3] As an initial matter, it is questionable whether defendant Gary Short is actually a bona
      fide tenant for purposes of the PTFA, as he claims, because he also stated in the state court
25   demurrer that he "was a former home owner not a renter."  (Dkt. No. 5 at 3.)  Regardless, even if
      defendant Gary Short were a bona fide tenant, the action is not removable to federal court for the
26   reasons discussed below.

1    Any defenses based on federal law must generally be raised in the state court

2  action and do not provide a basis for removal.  "A case may not be removed to federal court on

3  the basis of a federal defense,...even if the defense is anticipated in the plaintiff's complaint, and

4  even if both parties admit that the defense is the only question truly at issue in the case." <u>ARCO</u>

5  <u>Envtl. Remediation, LLC v. Dep't. of Health & Envtl. Quality of the State of Montana</u>, 213 F.3d

6  1108, 1113 (9th Cir. 2000) (citation and quotation marks omitted); <u>see also</u> <u>Valles v. Ivy Hill</u>

7  <u>Corp.</u>, 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not

8  confer jurisdiction on a federal court, even if the defense is that of federal preemption and is

9  anticipated in the plaintiff's complaint.")  Indeed, federal courts have consistently rejected

10  attempts to premise federal subject matter jurisdiction on the 90-day notice provision of the

11  PTFA.  <u>See</u>, <u>e.g.</u>, <u>Parkland Sec., Inc. v. Carey</u>, 2012 WL 159621, at *2 (E.D. Cal. Jan. 18, 2012)

12  (unpublished), <u>adopted by</u> 2012 WL 458433 (E.D. Cal. Feb. 10, 2012) (unpublished); <u>Wescom</u>

13  <u>Credit Union v. Dudley</u>, 2010 WL 4916578, at **2-3 (C.D. Cal. Nov. 22, 2010) (unpublished);

14  <u>SD Coastline LP</u>, 2010 WL 4809661, at **2-3; <u>Aurora Loan Servs, LLC v. Martinez</u>, 2010 WL

15  1266887, at *1 (N.D. Cal. Mar. 29, 2010) (unpublished).  Such rejection is based on the fact that

16  an argument relying on the PTFA's notice provision is an attempt to premise the court's subject

17  matter jurisdiction on a defense or counterclaim.[4]

18    Furthermore, this action cannot be removed on grounds of diversity jurisdiction.

19  First, the amount in controversy does not exceed $75,000, because plaintiff's complaint

20  specifically does not seek more than $10,000.  (Dkt. No. 2 at 11-13.)  Second, even if the amount

21  in controversy exceeded $75,000, defendant Gary Short is a citizen of California, and therefore

22  cannot remove the action from a California state court on the basis of diversity jurisdiction.  <u>See</u>

23

24    [4]  Additionally, federal district courts have concluded that the PTFA does not create a
federal private right of action, but provides directives to state courts.  <u>See</u>, <u>e.g.</u>, <u>Deutsche Bank</u>
25  <u>Nat'l Trust Co. v. Jora</u>, 2010 WL 3943584, at *1 n.3 (E.D. Cal. Oct. 1, 2010) (unpublished);
<u>Zalemba v. HSBC Bank, USA, Nat'l Ass'n</u>, 2010 WL 3894577, at **2-4 (S.D. Cal. Oct. 1, 2010)
26  (unpublished).

1  28 U.S.C. § 1441(b) ("Any civil action of which the district courts have original jurisdiction

2  founded on a claim or right arising under the Constitution, treaties or laws of the United States

3  shall be removable without regard to the citizenship or residence of the parties. *Any other such*

4  *action shall be removable only if none of the parties in interest properly joined and served as*

5  *defendants is a citizen of the State in which such action is brought*") (emphasis added).

6        Based on the aforementioned analysis, the court finds that it lacks subject matter

7  jurisdiction over plaintiff's unlawful detainer action brought pursuant to California law.

8  CONCLUSION

9        For the foregoing reasons, IT IS HEREBY ORDERED that defendant Gary

10  Short's request to proceed in forma pauperis (dkt. no. 3) is GRANTED.

11        IT IS ALSO HEREBY RECOMMENDED that:

12        1.  The action be REMANDED to the Solano County Superior Court.

13        2.  The Clerk of Court be directed to serve a certified copy of the order on the

14  Clerk of the Solano County Superior Court, and reference the state case number (FCM133577) in

15  the proof of service.

16        3.  The Clerk of Court be directed to close this case and vacate all dates.

17        These findings and recommendations are submitted to the United States District

18  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

19  (14) days after being served with these findings and recommendations, any party may file written

20  objections with the court and serve a copy on all parties.  Such a document should be captioned

21  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

22  shall be served on all parties and filed with the court within fourteen (14) days after service of the

23  objections.  The parties are advised that failure to file objections within the specified time may

24  ////

25  ////

26  ////

1    waive the right to appeal the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th

2    Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

3                          IT IS SO ORDERED AND RECOMMENDED.

4    DATED:  May 9, 2013

5

6

7                                                 KENDALL J. NEWMAN
                                                  UNITED STATES MAGISTRATE JUDGE
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26